IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

STEPHEN MICHAEL SEPHUS, # K5913                                    PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 3:11CV684-CWR-FKB

MISSISSIPPI DEPARTMENT OF
CORRECTIONS, PIKE COUNTY CIRCUIT
COURT, PIKE COUNTY JAIL, PIKE
COUNTY SHERIFF'S DEPARTMENT, and
JUDGE KEITH STARRETT                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

BEFORE THE COURT is *pro se* Stephen Michael Sephus's Complaint [1]. He is incarcerated with the Mississippi Department of Corrections ("MDOC"). He brings this Section 1983 action for damages alleging he was wrongfully convicted of burglary in 2000 and a probation violation in 2011. The Court has considered and liberally construed the pleadings. For the reasons below, this case is dismissed.

### BACKGROUND

Sephus filed this Complaint on October 31, 2011. He alleges he was wrongly accused of burglary of a building other than a dwelling in 2000. He was indicted in the Pike County Circuit Court, and Defendant Judge Keith Starrett presided over the trial. Sephus maintains Judge Starrett should have recused himself and should have excluded two jurors. Further, Sephus contends Judge Starrett allowed the ex-Sheriff to sit behind Sephus during trial with a holstered firearm. Finally, he complains the ex-Sheriff was allowed to accompany the jury during deliberations.

As a result, Sephus brings this action against Defendants MDOC, Pike County Circuit Court, Pike County Jail, Pike County Sheriff's Department, and Judge Starrett. He seeks damages in this

case. Because he also seeks release and a reversal of both convictions, the Court severed the habeas claims into a new civil action on January 23, 2012.

**DISCUSSION**

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Sephus to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

*H*ECK

Sephus basically alleges he was wrongfully convicted of burglary and of a probation violation. A Section 1983 claim that challenges the fact or duration of a state sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In such a case, "a

2

§ 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Where success on the Section 1983 claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

Success on Sephus's claims would necessarily invalidate his State court convictions for burglary and probation revocation. Therefore, the claims may only proceed if he proves the convictions have already been invalidated. As explained above, he has a contemporaneous habeas petition challenging the same convictions. That action is still pending. Therefore, it is clear that he has not yet been granted habeas relief in this matter.

Because the convictions have not yet been invalidated, Sephus is precluded by *Heck* from challenging them in this Section 1983 civil action at this time. The claims under Section 1983 are dismissed with prejudice for failure to state a claim, until such time as he successfully has the State court convictions invalidated, via appeal, post conviction relief, habeas, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). This dismissal counts as a strike under 28 U.S.C. 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

Furthermore, each Defendant is entitled to dismissal for the additional reasons set forth below.

MDOC

Sephus first sues MDOC for damages under Section 1983, and read liberally, under state law.

First, the claims against MDOC for the alleged unlawful revocation are duplicate to those

filed against MDOC in *Sephus v. Miss. Dep't of Corrs.*, 3:11cv540-TSL-MTP (S.D. Miss.), filed August 23, 2011. The instant case was filed while the claims against MDOC were still pending[1] in the first case. It is "'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). The revocation claims against MDOC are therefore dismissed as malicious. This counts as a strike under 28 U.S.C. 1915(g).

Second, as the court already ruled in *Sephus*, Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. MDOC is considered an arm of the State of Mississippi. Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.*, No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683 at *2 (S.D. Miss. June 12, 2006). Therefore, the Section 1983 claims against MDOC are alternatively dismissed on this basis.

Finally, to the extent MDOC is sued under the Mississippi Tort Claims Act, the Act does not waive the State's Eleventh Amendment immunity "from suit in federal court." Miss. Code Ann. § 11-46-5(4). Therefore, the state law claims against MDOC are alternatively dismissed on this basis.

---

[1]MDOC was dismissed from the first action on December 19, because MDOC is not a Section 1983 "person," and Eleventh Amendment immunity is not waived for the state claim. *Sephus*, 3:11cv540-TSL-MTP (S.D. Miss. Dec. 19, 2011).

## PIKE COUNTY CIRCUIT COURT AND JUDGE STARRETT

Sephus next alleges Judge Starrett was the presiding judge over the criminal trial, held in Pike County Circuit Court. Sephus complains about actions taken in the course and scope of Judge Starrett's role as judge over the State case: whether to recuse, strike jurors, and allow the ex-Sheriff's conduct during trial.

A judge enjoys absolute immunity from a civil action when performing within his judicial capacity. *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995). "Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" *Id.* (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

The Fifth Circuit announced a four factor test to determine whether a judge acted within the scope of his judicial capacity. *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). The four factors are:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Id.* at 515. In applying the four factors to the facts alleged, it is clear that Judge Starrett is absolutely immune from this lawsuit. The decisions as to whether to recuse, to strike jurors, to control the conduct of spectators in the courtroom and to protect the confidentiality of jury deliberations are clearly within the normal judicial function which arose out of Judge Starrett's official capacity.

5

Furthermore, there is no indication that his actions occurred outside the courtroom or his chambers. The controversy undisputedly centers around a criminal case that was pending before him. Consequently, this Court finds that Sephus cannot maintain an action pursuant to 42 U.S.C. § 1983 against Judge Starrett or the Pike County Circuit Court.

JAIL AND SHERIFF'S DEPARTMENT

As for the jail and Sheriff's Department, Sephus alleges no wrongdoing by them. All of his allegations center around Judge Starrett. Therefore, these entities are likewise dismissed for failure to state a claim upon which relief can be granted. These dismissals count as a strike under 28 U.S.C. 1915 (g).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITH PREJUDICE** as to Defendants Pike County Circuit Court, Judge Keith Starrett, and the Section 1983 claims against Defendant Mississippi Department of Corrections. The remainder is **DISMISSED WITH PREJUDICE** for failure to state a claim until such time as the State court convictions are invalidated. This dismissal of this case counts as a strike pursuant to 28 U.S.C. 1915(g). A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the Thirty-First day of January 2012.

/s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge